UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TOYLAWUD TON TON GALTOGBAH, Plaintiff | CIVIL DOCKET NO. 1:19-CV-00766-P |
| VERSUS | JUDGE DRELL |
| ASST. WARDEN BLANCHARD, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Complaint and Amended Complaint (Docs. 1, 8) under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] filed by *pro se* Plaintiff Toylawud Ton Ton Galtogbah ("Galtogbah"). Galtogbah is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is being detained at the Adams County Correctional Center in Washington, Mississippi. Galtogbah complains that he was improperly administered an injection by two nurses against his will while he was incarcerated at the LaSalle Detention Facility ("LDF") in Jena, Louisiana.

Because Bivens liability does not extend to privately-operated prisons or their employees, Galtogbah's Complaint and Amended Complaint (Docs. 1, 8) should be DENIED and DISMISSED WITH PREJUDICE.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

I. **Background**

Galtogbah alleges that, on March 29, 2017, after returning from court, Nurses Nowell and Harris asked him to "take this shot" to calm him down. (Doc. 1, pp. 1-2). Galtogbah told the nurses "no" because he had never had the medication before and did not know how he would react. (Doc. 1, p. 2). Galtogbah alleges that officers held him down so Nurses Nowell and Harris could administer the injection. (Doc. 1, p. 2). Galtogbah further alleges that officers sprayed him with pepper spray. (Doc. 1, p. 2). Galtogbah claims that he later learned that the injection administered was "illegal." (Doc. 1, p. 3).

II. **Law and Analysis**

   A. **Galtogbah's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.**

Galtogbah is a prisoner who has been allowed to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, Galtogbah's Complaint (Docs. 1, 8) is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding in forma pauperis, Galtogbah's Complaint (Docs. 1, 8) is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis

in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

> B. <u>Galtogbah cannot state a claim against LDF Defendants under Bivens.</u>

A civil rights lawsuit asserting claims of constitutional violations against federal government actors must be brought under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). "A Bivens action and a § 1983 suit represent coextensive proceedings; the 'only difference' being that the former involves an action against federal actors and the latter against state actors." Doe v. Neveleff, 11-CV-907, 2013 WL 489442, at *3 (W.D. Tex. Feb. 8, 2013), report and recommendation adopted, 2013 WL 12098684 (W.D. Tex. Mar. 12, 2013) (citing Izen v. Catalina, 398 F.3d 363, 367 n. 3 (5th Cir.) (per curiam), cert. denied, 547 U.S. 1111 (2006).

A federal official may only be sued in a Bivens action in his individual capacity. Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1294 n. 12 (5th Cir. 1994). Additionally, the United States is not vicariously liable for constitutional torts committed by its officials because the United States has not waived sovereign immunity for such actions. Brown v. United States, 653 F.2d 196, 199 (5th Cir. 1981).

Galtogbah names as Defendants LDF Warden Cole, LDF Assistant Warden Blanchard, Major Bruce Spence, and Nurses Nowell and Harris. (Doc. 8, p. 3). LDF houses immigration detainees, which "'is a fundamental sovereign attribute exercised

exclusively by the legislative and executive branches of the United States government.'" Doe v. Neveleff, 11-CV-907, 2013 WL 489442, at *13 (W.D. Tex. Feb. 8, 2013), report and recommendation adopted, 2013 WL 12098684 (W.D. Tex. Mar. 12, 2013) (quoting Medina v. O'Neill, 589 F.Supp. 1028, 1038 (S.D. Tex. 1984)). "Maintaining an immigrant detention facility is a purely federal function." Neveleff, 2013 WL 489442, at *14. Therefore, Defendants were acting as federal actors.

However, LDF is managed by a private company, GEO Group. See Rroku v. Cole, 1:15-CV-0294, 2016 WL 4821137 (W.D. La. Aug. 11, 2016), report and recommendation adopted, 2016 WL 4821283 (W.D. La. Sept. 9, 2016), aff'd, 726 F.App'x 201 (5th Cir. 2018); https://www.geogroup.com/FacilityDetail/FacilityID/59. Bivens does not apply to private prisons or private prison employees. Minneci v. Pollard, 565 U.S. 118 (2012) (prisoner cannot assert Eighth Amendment Bivens claim against private prison employees); Corrections Services Corporation v. Malesko, 534 U.S. 61 (2001) (Bivens does not apply to private corporate entities); Eltayib v. Cornell Companies, Inc., No. 12–11100, 2013 WL 3242190 at *1 (5th Cir. Apr. 9, 2013) (unpublished) (prisoner could not sue GEO Group or its employees for damages under either § 1983 or Bivens).

In Minneci, a federal prisoner confined at a private prison sought to assert an Eighth Amendment claim of deliberate indifference to his serious medical needs against individual employees of the prison. Id. at 125. The Court held that where a federal prisoner seeks damages from an individual employed at a privately-operated prison for alleged conduct that falls within the scope of traditional state tort law, the

4

prisoner must seek a remedy under state law. Id. at 123-131; Ali v. Immigration & Customs Enf't, 1:16-CV-037, 2017 WL 4325785, at *3 (N.D. Tex. Aug. 29, 2017), report and recommendation adopted, 2017 WL 4296756 (N.D. Tex. Sept. 26, 2017); Villasenor v. GEO Group, Inc., No. 14-CV-92164, 2014 WL 5293444, at *2 (D. Co. Oct. 16, 2014) (citing Minneci to hold that claims for lack of medical care could be brought under state tort law).

## III. Conclusion

Because Bivens liability does not extend to privately-operated prisons or their employees, Galtogbah's Complaint and Amended Complaint (Docs. 1, 8) should be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party

from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 25th day of September 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE